USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 10/16/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**

**STEPHANIE GARDNER, et al.,**

**Plaintiffs,**

**-against-**

**BLOOMINGDALE'S INC.,**

**Defendant.**
**---------------------------------------------------------------X**

**26-cv-04993 (JGK)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

The Honorable John G. Koeltl referred this case to my docket for general pretrial supervision, including to resolve the parties' pending dispute regarding the content of the notice to be sent to members of the Fair Labor Standards Act ("FLSA") collective and the procedure for submitting completed forms to the Court. ECF No. 40. The Court endorses the notice proposed by Plaintiffs, subject to the following modifications.

**BACKGROUND**

Plaintiff Stephanie Gardner, a commissioned sales associate in the Chanel boutique at Bloomingdale's 59th Street Store in New York City, brought this case against Defendant Bloomingdale's, Inc. on June 12, 2026, on behalf of herself and all others similarly situated, alleging state and federal causes of action related to unpaid work. ECF No. 1. Gardner alleges that she and other commissioned sales associates routinely undertake hours of unpaid, after-hours communications with clients to facilitate sales. Id. ¶ 60–64.

The parties have stipulated to the conditional certification of a FLSA collective and the issuance of notice to the collective. ECF No. 41. The stipulation defines the collective as: "All commissioned sales employees employed at Bloomingdale's 59th Street store at any time

between June 12, 2023 to the present, including personal shoppers and including any employees who agreed to arbitration, who consent to file a claim to recover damages for (1) overtime compensation and/or (2) liquidated damages." Id. ¶ 1. The parties agreed to send a notice and opt-in form to putative opt-in plaintiffs, using contact information provided by Defendant, by first class mail and email. Id. ¶ 3–4. A reminder notice will follow 30 days later. Id. ¶ 5.

The parties disagree as to (i) the content of the notices and (ii) whether consent forms should be filed by Plaintiff's counsel or the Clerk of the Court. Id. ¶ 12. On October 7, 2026, the parties submitted a joint letter, containing their position on these two issues, including their proposed notices. ECF No. 39 ("Joint Letter").

## DISCUSSION

### I. Content of the Notices

District courts have "broad discretion to craft appropriate notices" in individual FLSA cases. Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). A FLSA notice should be clear and concise, providing enough information for an ordinary person to understand its meaning.

#### A. Introductory Text

The parties disagree on the introductory text in the notice. Plaintiff's proposed notice provides: "If you worked at Bloomingdale's, Inc.'s 59th Store in New York City as a Chanel specialist, Personal Shopper, Personal Stylist, or other commissioned salesperson, between June 12, 2023, and the present, a collective action lawsuit brought under the Fair Labor Standards Act may affect your legal rights." Joint Letter, Ex. A at 1. Defendant's proposal states: "If you worked as a commissioned sales employee at Bloomingdale's 59th Street store in New York City between June 12, 2023 and the present, a collective action lawsuit brought under the

Fair Labor Standards Act may affect your legal rights." Joint Letter, Ex. B at 1. Because the stipulated class definition refers to "[a]ll commissioned sales employees," the Court adopts Defendant's language, which more accurately reflects the parties' agreement.

**B. Reference to Potential Recovery**

Plaintiff's proposal tells recipients, "If you choose to be included in this collective action, you will be bound by any ruling, settlement or judgment in this case. *You may also share in any proceeds from a settlement or judgment if those bringing the claims are successful.*" In what feels like a non-sequitur, Plaintiff's proposal continues: "*This means that you give up the possibility of getting money or benefits that may come from a trial or settlement of the overtime claims under federal law asserted in this lawsuit, if those bringing the lawsuit are successful*." Additionally, in the "Do Nothing" section, it provides: "By doing nothing, you will not be included in this lawsuit for the purpose of asserting your claims. You will not be bound by any ruling, settlement or judgment in this case *and you will not share in any proceeds from a settlement or judgment if those bringing the claims are successful*." Joint Letter, Ex. A at 2. Defendant's proposal omits the italicized language. Joint Letter, Ex. B at 3.

The goal of the notice is to accurately and clearly advise potential opt-ins of their rights. Plaintiff's italicized language is redundant and unnecessarily complicates the information. Accordingly, the Court adopts Defendant's language in the "Your Legal Rights" section.

**C. Description of Litigation Burden**

Plaintiff's proposed notice says putative opt-in plaintiffs "may be asked to give testimony, documents, and information" about their employment and advises them to preserve documents. Joint Letter, Ex. A at 3. Defendant's proposed notice says they "may be required to produce documents, answer written interrogatories under oath, appear for a deposition and

answer questions verbally under oath, and answer questions under oath in a jury trial." Joint Letter, Ex. B at 3. Defendant's language includes unfamiliar legal terms ("interrogatories") and arguably seeks to discourage participation by repeating the term "under oath" three times. Plaintiff's version accurately and adequately informs recipients of the potential burden of litigation, without unacceptably deterring participation from putative opt-in plaintiffs. Accordingly, it is adopted.

**D. Representation by Plaintiff's Counsel**

Perplexingly, Defendants seem to want to discourage opt-in plaintiffs from being represented by Plaintiff's attorney. This seems inconsistent with the purpose of a FLSA collective action, which is to promote efficiency. While the Court agrees that potential opt-in plaintiffs should be informed of their right to hire their own lawyer or proceed on their own behalf as a pro se litigant, there is nothing objectionable in facilitating legal representation of the collective.

Thus, the Court adopts Plaintiff's language in paragraph 9, including its title: "Do I have a lawyer in this case?" The second paragraph of that section requires some editing for clarity. The Court suggests: "The form at the end of this notice gives you the option of having Plaintiff's attorney represent you. Alternatively, you may retain another attorney or elect to represent yourself without an attorney as a pro se litigant." Additionally, to address Defendant's concern that a potential plaintiff might unwittingly default to Plaintiff's counsel, the Court suggests adding to the third paragraph the following sentence: "If this default occurs by error, you can change attorneys or file an appearance to represent yourself as a pro se litigant."

That said, the Court adopts Defendant's language about representation in the final paragraph in paragraph 4, starting with "You have a right to be represented by an attorney," which is clearer.

**E. Format**

The revised notice shall include consistent font sizes no smaller than 12 points, in Times New Roman.

## II. Delivery of the Forms

The parties have agreed that opt-in plaintiffs should send their forms to the third party administrator, and that the FLSA statute of limitations will be tolled on the date the third party administrator receives each form. Joint Letter at 4. The parties disagree over whether the third party administrator will provide the forms to the Clerk of Court or to Plaintiff's counsel for filing with the Court. Because requiring the Clerk of Court to file hundreds or thousands of consent forms would place an undue burden on Court resources, Plaintiff's counsel shall be responsible for filing the forms. In light of Defendant's concern about privacy concerns, Plaintiff's counsel shall redact all contact information prior to filing the notices, as they have already agreed to do. Joint Letter at 3.

## CONCLUSION

The parties are ORDERED to file a revised Notice consistent with this order by no later than Friday, October 23, 2026.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: October 16, 2026
New York, New York